J-S62001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JACQUEZ DAVON BROWN | |
| Appellee | No. 1669 MDA 2016 |

Appeal from the PCRA Order entered October 3, 2016
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0007081-2011

BEFORE:  STABILE, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 21, 2017**

The Commonwealth appeals from the October 3, 2016 order entered in the Court of Common Pleas of York County, granting in part the petition for collateral relief filed by Appellee, Jacquez Davon Brown ("Brown"), pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and awarding him a new trial.  The Commonwealth argues the PCRA court erred by finding counsel ineffective for failing to locate a witness whose testimony was cumulative of other evidence presented at trial.  Brown counters that the testimony was not cumulative, that the testimony would have supported his

_____

[*] Retired Senior Judge assigned to the Superior Court.

claim of self-defense, and that he was prejudiced by trial counsel's failure to interview and call the witness at trial. Following review, we affirm.[1]

Following a jury trial that concluded on November 14, 2013, Brown was convicted of first-degree murder for the shooting death of 19-year old Tony Wasilewski when Brown was 15 years old. On January 27, 2014, Brown was sentenced to a term of 50 years to life in prison. On direct appeal, this Court affirmed the judgment of sentence, rejecting Brown's claims of insufficiency of evidence, failure of the Commonwealth to disprove his self-defense claims beyond a reasonable doubt, and excessive sentence. **Commonwealth v. Brown**, 832 MDA 2014, unpublished memorandum (Pa. Super. filed April 24, 2015).

Brown filed a timely PCRA petition on April 22, 2016. Counsel was appointed and a hearing was held on June 16, 2016. At the conclusion of the proceedings, the PCRA court dismissed all but one of Brown's claims and reserved ruling on the final claim—relating to failure to call an eyewitness at trial—pending continuation of the hearing to take the testimony of that witness, Dominic Breeland ("Breeland").[2] The hearing resumed on September

---

[1] The PCRA court rejected three additional claims of ineffectiveness raised by Brown in his petition. Those three claims are not at issue in this appeal. We shall confine our discussion to the claim upon which the petition was granted and new trial awarded.

[2] At the time of the June 16, 2016 hearing, Breeland was incarcerated at SCI Forest, serving a 30- to 60-year sentence for murder. Due to some confusion

27, 2016. By order entered on October 3, 2016, the PCRA court granted

Brown a new trial based on trial counsel's failure to interview Breeland. This

timely appeal followed. Both the Commonwealth and the PCRA court complied

with Pa.R.A.P. 1925.

On appeal, the Commonwealth asks us to consider one issue:

Whether [the] PCRA court erred in granting [the] PCRA petition alleging ineffectiveness of counsel, where trial counsel had insufficient information to locate [the] witness, and the witness's testimony was cumulative of existing testimony presented at trial, and [Brown] suffered no prejudice.

Commonwealth's Brief at 4 (some capitalization omitted).

As this Court has recognized:

This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record. Additionally, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (quoting

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012)

(quotation marks and brackets omitted)).

_____

regarding transport to testify at the hearing, he was not available to testify that day.

In analyzing the claim of trial counsel ineffectiveness for failing to investigate and call a potential witness at trial, the PCRA court looked to our Supreme Court's decision in **Commonwealth v. Johnson**, 966 A.2d 523 (Pa. 2009). There, the Court explained:

> Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. . . . The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance. Recently summarizing cases in **Commonwealth v. Dennis**, 597 Pa. 159, 950 A.2d 945 (2008), this Court stated that:
>
>> These cases . . . arguably stand for the proposition that, at least where there is a limited amount of evidence of guilt, it is *per se* unreasonable not to attempt to investigate and interview known eyewitnesses in connection with defenses that hinge on the credibility of other witnesses. They do not stand, however, for the proposition that such an omission is *per se* prejudicial.
>
> **Id.** at 960 [citations omitted].
>
> . . .
>
> When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirement of the **Strickland**[3] test by establishing that:
>
>> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

---

[3] **Strickland v. Washington**, 466 U.S. 688 (1984).

> ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586, 599 (2007). To demonstrate ***Strickland*** prejudice, the PCRA petition must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case.

***Id.*** at 535-36 (some citations and quotations omitted).

In its Rule 1925(a) opinion, the PCRA court explained:

> At the trial, and pertinent to the issue on appeal, the Commonwealth presented witnesses who established that [Brown] shot decedent with several shots while standing over him and while backing away from the decedent. One witness recalled hearing the victim and [Brown] arguing about a cell phone. The victim had [Brown] in a headlock at one point, and then [that witness, Ms. Altland,] heard a gunshot. Ms. Altland testified that [Brown] was standing when he shot the victim, who was kneeling down at the time.
>
> After hearing the first shot, Ms. Altland said that the victim was on the ground on his side when she saw [Brown] pause and fire another shot into the victim. She also saw the victim put his hand up over his face before [Brown] fired the second shot. Ms. Altland heard three more shots and for every shot the victim was still on the ground and made no attempts to get up. She also stated that as the other shots were being fired, [Brown] was walking away from the victim, towards an alleyway.
>
> Another witness[, Mr. Altland,] testified that he was standing directly in front of his residence, which was right across the street from the murder. Like his wife, he saw [Brown] and the victim arguing, but he was not sure what they were arguing about. Mr. Altland testified that the victim had [Brown] in some kind of hold and then "all heck broke loose." Mr. Altland was on his way across the street to break up the fight when he saw [Brown] shoot the victim in the back, upper thigh area. Mr. Altland saw the victim put his hand up after the first shot and saw [Brown] shoot the victim again. The bullet went through the victim's hand and into his neck. [Brown] walked backwards as he fired the second, third, fourth, and fifth shot. At no point did the victim try to get up.
>
> At the PCRA hearing, [Brown] called Dominic Breeland as a witness. He testified that the victim wanted to buy some drugs

earlier in the day. Later, and just before the shooting, Breeland went to the home of another individual about five or six houses away, and saw a fight develop between the victim and [Brown]. He further testified that the victim had [Brown] in a choke hold and that during that struggle, the shots were fired. This testimony, if believed, would have differed from the testimony of the two Commonwealth witnesses. Breeland did not testify that he saw [Brown] stand up and shoot while standing over the victim and backing away. The proffered testimony would have supported a self-defense claim by [Brown], and could have resulted in a verdict of a lesser degree of murder or manslaughter.

[The PCRA c]ourt found no reason to disbelieve the proffered testimony other than it differed in degree from that presented by the Commonwealth's witnesses at trial.

Testimony from trial counsel revealed that he did not know Breeland's full name, nor where to locate him. That testimony was contradicted by PCRA Defense Exhibit B, p. 4-5, which was the police report provided in discovery. That report clearly identified Dominic Breeland by name as a possible eye witness and indicates that he likely is in the York County Prison.[4]

PCRA Court Rule 1925(a) Opinion, 6/13/17, at 3-4 (references to notes of trial testimony omitted).

_____

[4] The parties agree that the exhibit identified the potential eyewitness as "Dom." *See, e.g.*, Commonwealth's Brief at 19; Brown's Brief at 4. However, in the exhibit, references are made to another witness, Corey Fitzkee. Fitzkee in turn identified yet another eyewitness, "Dom," and stated that he saw Dom at the York County Prison when Fitzkee turned himself in for an unpaid fine. The exhibit reflects that the assistant district attorney who interviewed Fitzkee "showed Fitzkee a photo of Dominic Breeland on a laptop computer. Fitzkee identified him as the subject he knows as 'Dom.'" PCRA Defense Exhibit B at 5.

The Commonwealth concedes Brown met his burden as to the first two factors of the *Strickland* test, *i.e.*, that the witness existed and was available to testify for the defense. Commonwealth's Brief at 18. However, the Commonwealth takes issue with the remaining factors. The Commonwealth contends trial counsel had no knowledge of Breeland's name, other than a reference to "Dom" that was unaccompanied by any other identifying information. Further, the Commonwealth argues, there is nothing to suggest Breeland ever contacted the police or defense counsel to make himself known as a potential witness. *Id.* at 18-19. Further, while trial counsel hired an investigator to research other witnesses, counsel was not aware of Breeland's existence or his availability or willingness to testify. *Id.* at 19.

Brown counters that he spoke with trial counsel about Breeland as a potential witness. Notes of Testimony, PCRA Hearing, 6/29/16, at 5-6. Although he never talked with the investigator, Brown testified he told counsel that Breeland could verify Brown's story. *Id.* Nevertheless, Breeland was never interviewed for trial. *Id.*

Trial counsel acknowledged he was aware of Tobias Banks, whom Brown identified as an eyewitness. Attempts to locate that witness were unsuccessful. *Id.* at 34-35, 38-39. Counsel testified he was not aware of Breeland, whose name he said he had never heard before reviewing the PCRA petition. *Id.* at 40. However, the PCRA court rejected counsel's claimed unawareness, noting it "was contradicted by PCRA Defense Exhibit B, p. 4-5,

which was the police report provided in discovery. That report clearly identifies Dominic Breeland by name as a possible eye witness and indicates that he likely is in the York County Prison." PCRA Court Rule 1925(a) Opinion, 6/13/17, at 4.

As for the fifth **Strickland** factor, the PCRA court recognized that failure to call a witness does not, by itself, afford relief and that Brown was required to prove that the failure prejudiced him. PCRA Court Rule 1925(a) Opinion, 6/13/17, at 7 (citing **Johnson, supra**). The court stated:

> In this case, we already noted that the proffered witness's testimony would have provided the jury a different point of view than that testified to by the Commonwealth witnesses. The testimony, if believed by a jury, would have provided a basis for a verdict of a lesser degree of murder (third degree) or a verdict based on imperfect self-defense (voluntary manslaughter) or a complete defense to the charge.
>
> Had the jury been able to hear the proffered testimony, we conclude that there is a reasonable probability that the outcome would have been different. Having been deprived of the opportunity to present that evidence because of counsel's ineffectiveness, [Brown] has suffered prejudice as a result.

**Id.**

The Commonwealth argues that Brown cannot establish prejudice resulting from the absence of Breeland's testimony. As the PCRA court recognized, Breeland "did not see the shooting. [He] heard shots and then he saw [Brown] run away. . . . Breeland testified that he heard gunshots but did not actually see the shooting." **Id.** Therefore, the Commonwealth asserts,

Breeland's testimony would not "have served any purpose other than to corroborate the Commonwealth's witnesses." Commonwealth's Brief at 31.

The Commonwealth's argument focuses on whether Breeland's testimony is appropriately classified as "cumulative," noting that counsel is not ineffective for failing to pursue cumulative evidence. Commonwealth's Brief at 19 (citing **Commonwealth v. Showers**, 782 A.2d 1010, 1022 (Pa. Super. 2001)). The Commonwealth contends Breeland's testimony would be cumulative because Breeland testified consistently with the other witnesses regarding the fight prior to the shooting, "BUT as to the shooting itself, [] he heard but did not see the shooting occur." Commonwealth's Brief at 16 (capitalization in original). It is true that Breeland testified he did not see that Brown had a gun and did not see him fire any shots. However, giving great deference to the factual findings of the PCRA court as we must, we conclude Breeland's description of the fight and struggle between Brown and the victim is sufficiently different from the testimony of the Commonwealth's witnesses and, if believed, could support a self-defense claim by Brown or a conviction for a less serious offense than first-degree murder. Therefore, we shall not disturb the PCRA court's findings in that regard.

We find the PCRA court's factual findings are supported by the record and that its ruling is free of legal error. Therefore, we shall affirm the PCRA court's October 3, 2016 order granting Brown's petition and awarding a new trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017